[Cite as *State v. Napper*, 2012-Ohio-1028.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| SHAUN D. NAPPER | : | Case No. 11CAA080073 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 10CRI060336

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     March 13, 2012

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

DOUGLAS DUMOLT                         SHAUN D. NAPPER, PRO SE
140 North Sandusky Street                 1688 North 4th Street
3rd Floor                                          Columbus, OH  43201
Delaware, OH  43015

*Farmer, J.*

{¶1}   On March 2, 2010, appellant, Shaun Napper, engaged the services of an attorney, Valerie Roller, Esq.  Appellant agreed to the fee arrangement and gave Ms. Roller a check for $1,000.00.  Ms. Roller represented appellant in a pretrial the next day.  A few days later, Ms. Roller discovered the $1,000.00 check had bounced.  Ms. Roller gave appellant over a month to make good on the check, but appellant failed to do so.

{¶2}   On June 25, 2010, the Delaware County Grand Jury indicted appellant on one count of passing bad checks in violation of R.C. 2913.11 and one count of possessing criminal tools in violation of R.C. 2923.24.   The latter count was subsequently dismissed.

{¶3}   A jury trial commenced on June 2, 2011.  The jury found appellant guilty as charged.  By judgment entry filed July 21, 2011, the trial court sentenced appellant to two years of community control.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "IT WAS ERROR AND AN ABUSE OF PROCESS FOR THE APPELLEE TO USE A CRIMINAL PROCESS FOR THE COLLECTION OF A CIVIL DEBT."

II

{¶6}   "IT WAS ERROR FOR THE TRIAL COURT TO DENY DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL, AS UPON CONSIDERATION OF ALL THE EVIDENCE, THE PROSECUTION FAILED TO ESTABLISH THE ELEMENTS OF

CRIMINAL INTENT TO DEFRAUD THE PAYEE AND KNOWLEDGE THAT THE CHECK WOULD NOT BE PAID AT THE TIME IT WAS ISSUED AND WAS NOT REFUNDABLE."

III

{¶7}  "IT IS ERROR TO FIND THAT APPELLANT COULD BE FOUND GUILTY OF A CRIMINAL ACT, PUNISHABLE BY THE STATE ALONE FROM A MERE CIVIL WRONG, ACTIONABLE BY CIVIL LITIGATION."

IV

{¶8}  "IT WAS ERROR NOT TO ASSIGN THE BURDEN OF ESTABLISHING THE FAIRNESS AND REASONABLENESS OF ROLLER'S SERVICES TO THE DEFENDANT BEFORE ADJUDICATING HIM GUILTY."

V

{¶9}  "IT WAS ERROR TO FIND THE APPELLANT GUILTY WITHOUT THE STATE HAVING ESTABLISHED ALL ELEMENTS OF THE CRIME FOR WHICH HE WAS BEING CHARGED."

I, II, III, IV, V

{¶10}  In his assignments of error, appellant challenges his conviction for passing a bad check.  Appellant claims a criminal action was improper for the collection of a civil debt, his CrimR. 29 motion for acquittal should have been granted, and his conviction was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶11}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks* (1991), 61 Ohio St.3d 259.  "The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶12} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:

{¶13} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶14} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus:

{¶15} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions

as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶16} Appellant was convicted of passing a bad check in violation of R.C. 2913.11(B) which states, "[n]o person, with purpose to defraud, shall issue or transfer or cause to be issued or transferred a check or other negotiable instrument, knowing that it will be dishonored or knowing that a person has ordered or will order stop payment on the check or other negotiable instrument." Subsection (C)(2) states the following:

{¶17} "(C) For purposes of this section, a person who issues or transfers a check or other negotiable instrument is presumed to know that it will be dishonored if either of the following occurs:

{¶18} "(2) The check or other negotiable instrument was properly refused payment for insufficient funds upon presentment within thirty days after issue or the stated date, whichever is later, and the liability of the drawer, indorser, or any party who may be liable thereon is not discharged by payment or satisfaction within ten days after receiving notice of dishonor."

{¶19} R.C. 2913.01(B) states "defraud" "means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another."

{¶20} Appellant argues it was an abuse of process for Ms. Roller to use the criminal process for the collection of a bad check. We find this argument to lack merit. Appellant's check bounced and appellant refused to make good on the check after over a month and a ten day demand letter. Ms. Roller took the matter to the police department. When Westerville Police Officer John Snyder conducted an investigation

and spoke with appellant, appellant admitted "that he knew the check was not going to be honored as he had a car payment coming up at the same time he wrote the check, and that he didn't have enough money in the account to cover the check." T. at 161.

{¶21} Appellant argues the state did not prove "purpose to defraud" because the insufficient funds was the result of negligence, and appellant had called Ms. Roller after giving her the check and told her that the check would probably be dishonored. Further, appellant argues the $1,000.00 check was not for services rendered, but was a retainer fee. After performing legal services for appellant, appellant paid Ms. Roller with an additional $500.00 check which was honored by his bank.

{¶22} Ms. Roller testified she told appellant her fee was $300.00 per hour and it would take five to six hours to prepare his case for a pretrial scheduled for the next day. T. at 117. The parties agreed to a flat fee of $1,500.00, and appellant signed a contract listing the $300.00 per hour figure. T. at 151-152; Defendant's Exhibit A. Appellant gave her a $1,000.00 check and then gave her a $500 check the next day in order to have time to transfer funds into his account. T. at 119-120. Ms. Roller deposited the $1,000.00 check and worked on appellant's case for over five hours. T. at 124-125.

{¶23} A few days after providing legal services for appellant by attending the pretrial, appellant informed Ms. Roller that the $1,000.00 check might be dishonored. T. at 126-129. Once Ms. Roller found the $1,000.00 check was dishonored, she prepared a request to withdraw as counsel. T. at 128. Thereafter, appellant accused Ms. Roller of bad representation. T. at 132.

{¶24} After giving appellant over a month to make good on the check, Ms. Roller sent appellant a demand letter on April 15, 2010, requesting that the amount be paid.

T. at 133, 134-135; State's Exhibit 2. Ms. Roller has never received payment on the bounced check. T. at 140.

{¶25} Defendant's Exhibits B and C indicate the two checks ($1,000.00 and $500.00) were for "legal services" regarding a Franklin County Municipal Court case wherein appellant was the plaintiff.

{¶26} We find the evidence presented established the $1,000.00 check was given for legal services, Ms. Roller provided legal services, the check was dishonored by appellant's bank, and appellant did not make good on the check after over a month and a ten day demand letter.

{¶27} Upon review, we find sufficient evidence to support the conviction and no manifest miscarriage of justice.

{¶28} Assignments of Error I, II, III, IV, and V are denied.

{¶29} Attached to appellant's appellate brief is an appendix entitled "B. Probable Issues for Review and Part of the Record Ineffective Assistance of Counsel Index." Pursuant to App.R. 16(A)(3), an appellant should include in the brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected."

{¶30} Upon review, we find the issue of ineffective assistance of counsel is not properly before this court as an assignment of error and therefore will not be addressed.

{¶31}  The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Hoffman, J. concur.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ William B. Hoffman_____

JUDGES


SGF/sg 228

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SHAUN  D. NAPPER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11CAA080073 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.  Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ William B. Hoffman_____

JUDGES